**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOHN THOMAS, individually and on behalf of all others similarly situated, | ) ) |
| | ) Case No.  1:25-cv-02299-RLY-MG |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TELIX PHARMACEUTICALS LTD., CHRISTIAN P. BEHRENBRUCH, DARREN SMITH, and KYAHN WILLIAMSON, | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF TRACY TRIPP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Tracy Tripp ("Tripp") respectfully submits this memorandum of law in support of her motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Tripp as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Tripp's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Stoll Keenon Ogden PLLC ("SKO") as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

**I.     PRELIMINARY STATEMENT**

This is a class action on behalf of persons who purchased or otherwise acquired Telix Pharmaceuticals Ltd. ("Telix" or the "Company") securities between February 21, 2025 and August 28, 2025, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff.

1

The PSLRA also establishes a presumption that the most adequate plaintiff is the applicant who both has largest financial interest in the relief sought by the class and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Tripp believes that she is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on her financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Tripp satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as her claims are typical of other class members' claims and she is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Tripp respectfully submits that she is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Tripp's selection of GPM as lead counsel and SKO as liaison counsel for the class should be approved because the firms have substantial experience in securities and class action litigation, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Telix is a biopharmaceutical company focused on the development and commercialization of therapeutic and diagnostic radiopharmaceuticals and associated medical technologies.

The complaint filed in this action alleges that, throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts concerning the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Defendants materially overstated the progress Telix had made with regard to prostate cancer therapeutic candidates; (2) Defendants materially overstated the quality of Telix's supply chain and partners; and (3) as a result, Defendants' positive statements

2

about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On July 22, 2025, Telix disclosed that it had received a subpoena from the U.S. Securities and Exchange Commission (SEC) "seeking various documents and information primarily relating to the Company's disclosures regarding the development of the Company's prostate cancer therapeutic candidates." On this news, Telix's stock price fell $1.70, or 10.4%, to close at $14.58 per share on July 23, 2025, thereby injuring investors.

Then, on August 28, 2025, Telix announced that it had received a Complete Response Letter (CRL) from the FDA regarding the Biologics License Application (BLA) for TLX250-CDx (Zircaix®1, 89Zr-DFO-girentuximab), stating that the CRL "identifies deficiencies relating to the Chemistry, Manufacturing, and Controls (CMC) package" and that the FDA has "requested additional data to establish comparability between the drug product used in the ZIRCON Phase 3 clinical trial and the scaled-up manufacturing process intended for commercial use." On this news, Telix's stock price fell $1.95, or 16.1%, to close at $10.15 per share on August 28, 2025, thereby injuring investors further.

As a result of Defendants' wrongful acts and mission Tripp and other class members suffered significant losses and damages.

## III.    ARGUMENT

### A.    Tripp Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a

"rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Tripp satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Tripp has, to the best of her knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Tripp is not aware of any unique defenses Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Tripp respectfully submits that she should be appointed lead plaintiff. *See Winn v. Symons Int'l Grp., Inc.*, 2001 WL 278113, at *3 (S.D. Ind. Mar. 21, 2001).

### 1. Tripp Filed a Timely Motion

Tripp has made a timely motion in response to a PSLRA notice. On November 10, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Offer Korin ("Korin Decl.") Ex. A. Therefore, Tripp had sixty days

(until January 9, 2026) to file a motion to be appointed as lead plaintiff. As a purchaser of Telix securities during the Class Period, Tripp is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in Tripp's certification, filed herewith, Tripp attests that she has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Korin Decl., Ex. B. Accordingly Tripp satisfies the first requirement to serve as lead plaintiff for the class.

### 2.      Tripp Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Tripp believes that she has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff.

Tripp purchased Telix securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $8,755. *See* Korin Decl., Ex. C. To the best of her knowledge, Tripp is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Tripp believes she has the largest financial interest in the relief sought by the class, and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff.

### 3.     Tripp Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Winn*, 2001 WL 278113, at *5 ("[C]ourts examine only typicality and adequacy from the list of prerequisites to a class action set forth in Rule 23(a).") (internal quotation marks omitted).

### a)     Tripp's Claims Are Typical

A movant's claim "is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Winn*, 2001 WL 278113, at *5 (quoting *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir.1998)).

Tripp's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Tripp alleges that Defendants' material misstatements and omissions concerning Telix's business, operations, and financial prospects violated the federal securities laws. Tripp, like all members of the class, purchased Telix securities in reliance on Defendants'

6

alleged misstatements and omissions and was damaged thereby. Accordingly, Tripp's interests and claims are "typical" of the interests and claims of the class.

### b)    Tripp Is an Adequate Representative

Rule 23(a)(4) requires the proposed lead plaintiff to demonstrate that it will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who will be able to prosecute the litigation vigorously." *In re Groupon, Inc. Sec. Litig.*, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012).

Tripp has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and her financial losses ensure that she has sufficient incentive to provide vigorous advocacy. *See* Korin Decl., Ex. C. Tripp resides in Lafayette, Colorado, and has been managing her own investments for more than ten years. Tripp is a human resources director, and has a bachelor's degree from the University of Colorado Boulder. Tripp is also not aware of any conflict between her claims and those asserted on behalf of the Class. As such, Tripp is adequate to represent the class and should be appointed as lead plaintiff.

### B.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, Tripp has selected GPM as lead counsel for the class and SKO as liaison counsel. GPM has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, and SKO has extensive class action litigation experience. As reflected by the firms' résumés, *see* Korin Decl., Exs. D & E, the Court may be assured that by granting Tripp's Motion the members of the

class will receive the highest caliber of legal representation. Accordingly, the Court should approve Tripp's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Tracy Tripp respectfully requests that the Court grant her Motion and enter an Order (1) appointing Tripp as Lead Plaintiff; (2) approving Tripp's selection of Glancy Prongay & Murray LLP as Lead Counsel and Stoll Keenon Ogden PLLC as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Dated:  January 9, 2026

Respectfully submitted,

*Offer Korin*
Offer Korin, No. 14014-49
Brooke Smith, No. 32427-03
STOLL KEENON OGDEN PLLC
334 N. Senate Avenue
Indianapolis, IN  46204-1708
Office:  317-464-1100; Fax:  317-464-1111
offer.korin@skofirm.com
brooke.smith@skofirm.com

*Liaison Counsel for Tracy Tripp and Proposed Liaison Counsel for the Class*

Charles H. Linehan (PHV to be Filed)GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150; Fax: (310) 201-9160
clinehan@glancylaw.com

*Counsel for Tracy Tripp and Proposed Lead Counsel for the Class*

Frank R. Cruz
THE LAW OFFICES OF FRANK R. CRUZ
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on **January 9, 2026**, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to registered parties by operation of the Court's ECF.  Parties may access this filing through the Court's system.

*Offer Korin*
Offer Korin

STOLL KEENON OGDEN PLLC
334 N. Senate Avenue
Indianapolis, IN  46204-1708
Office:  317-464-1100; Fax:  317-464-1111

9