**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOHN THOMAS, Individually and on behalf of all others similarly situated, | **Case No: 1:25-cv-02299-RLY-MG** |
| Plaintiff, | **Judge Richard L. Young** |
| v. | **CLASS ACTION** |
| TELIX PHARMACEUTICALS LTD., CHRISTIAN P. BEHRENBRUCH, DARREN SMITH, and KYAHN WILLIAMSON, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SONG CHEE TAN TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Plaintiff Song Chee Tan ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the publicly traded securities of Telix Pharmaceuticals Ltd. ("Telix" or the "Company") between February 21, 2021 and August 28, 2025, both dates inclusive (the "Class Period"); and

(b)      approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel and Williams Law Group, LLC ("Williams Law Group") as Liaison Counsel for the putative class.

1

**INTRODUCTION AND BACKGROUND**

On November 10, 2025, this case was filed against Telix, Christian P. Behrenbruch, Darren Smith, and Kyahn Williamson by Rosen Law and Williams Law Group. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Brad A. Catlin filed herewith ("Catlin Decl.") Ex. 1.

Defendant Telix describes itself as a "biopharmaceutical company focused on the development and commercialization of therapeutic and diagnostic radiopharmaceuticals and associated medical technologies." Telix is incorporated in Australia and its U.S. headquarters are in Indianapolis. Telix American Depositary Shares ("ADS" or "ADSs") trade on the NASDAQ under the ticker symbol "TLX."

The complaint alleges that Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendants materially overstated the progress Telix had made with regard to prostate cancer therapeutic candidates; (2) Defendants materially overstated the quality of Telix's supply chain and partners; and (3) as a result, Defendants' statements about Telix's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

Then on July 22, 2025, Telix filed with the SEC a current report, attached to which was a press releasee announcing in part that Telix had received a subpoena form the SEC regarding "the development of [Telix's] prostate cancer therapeutic candidates." Also on July 22, 2025, Bloomberg published an article entitled "Telix Shares Drop as SEC Probes Disclosures Tied to Prostate Cancer Drug Pipeline." This article stated that "[Telix] slumped as much as 16%, the most

2

in 21 months, after the Australian developer of radioactive drugs said it received a subpoena from the [SEC] seeking information about disclosures related to its prostate cancer therapeutic candidates."

On this news, Telix ADSs fell $1.70 per ADS, or 10.4%, to close at $14.58 on July 23, 2025. The next day, Telix ADSs fell a further $0.69 per ADS, or 4.7%, to close at $13.89 on July 24, 2025.

Then, on August 28, 2025, Telix posted an announcement on its website entitled "Telix Provides Regulatory Update on TLX250-CDx." It stated that Telix had received a Complete Response Letter ("CRL") from the United States Food and Drug Administration. The CRL identified certain deficiencies relating to the Chemistry, Manufacturing, and Controls (CMC) package. The deficiencies related to two third-party manufacturing and supply chain partners.

On this news, the price of Telix ADSs fell $1.95 per ADS, or 16.1%, to close at $10.15 on August 28, 2025. The next day, Telix ADSs fell a further $0.60 per ADS, or 5.9%, to close at $9.55 on August 29, 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable

3

presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A.  Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Catlin Decl. Ex. 2.  Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.  Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."

4

*Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $3,105.28 in connection with his purchases of Telix securities. *See* Catlin Decl. Ex. 3. Movant is not aware of any other movant that has suffered greater losses in Telix securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a prima facie showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei*

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

*Films*, 247 F.R.D. at 439 (only a prima facie showing is required). At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.,* 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax.*, 1997 WL 461036, at *6).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See Mayo,* 2002 WL 193393 at *4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at *4.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Telix securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

Further, Movant has eight years of investing experience, works in real estate sales, and lives in Malaysia.

### II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law Lead Counsel and Williams Law Group as Liaison Counsel. The firms have been actively researching Movant's and the Class's claims, including filing this case, reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, Rosen Law has an extensive history bringing significant recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in courts throughout the country. *See* Catlin Decl. Ex. 4.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. *See* Catlin Decl. Exs. 4 and 5. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff and of the Class; (2) approving Movant's selection of Rosen Law as Lead Counsel and Williams Law Group as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: January 9, 2026                    Respectfully submitted,


                                          */s/ Brad A. Catlin*
                                          Brad A. Catlin, Atty. No. 21570-29
                                          **WILLIAMS LAW GROUP, LLC**
                                          1101 N. Delaware Street
                                          Indianapolis, Indiana 46202
                                          Phone: (317) 633-5270
                                          Email: brad@williamsgroup.law

8

*[Proposed] Liaison Counsel for*
*Lead Plaintiff and Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (*pro hac vice* to be filed)
Laurence M. Rosen, Esq. (*pro hac vice* to be filed)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
   lrosen@rosenlegal.com

*[Proposed] Lead Counsel for*
*Lead Plaintiff and Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Brad A. Catlin*