UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JOHN THOMAS, et al.,                    )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )        No. 1:25-cv-02299-TWP-MG
                                        )
TELIX PHARMACEUTICALS LTD, et al.,      )
                                        )
                    Defendants.         )

## ORDER ON PENDING MOTIONS

Pending before the Court is Plaintiff Tracy Tripp's Motion for Appointment as Lead Plaintiff and Approval of Counsel, [Filing No. 9], Plaintiff Song Chee Tan's Notice of Motion to Appoint Lead Plaintiff and Lead Plaintiffs Selection of Counsel, [Filing No. 13], Defendant Telix Pharmaceuticals Ltd.'s Joint Motion Regarding Initial Schedule, [Filing No. 27], and Defendants Christian Behrenbruch, Darren Smith, and Kyahn Williamson's Motion for Joinder by Individual Defendants Regarding Initial Schedule, [Filing No. 33.]

## I.    Background

Plaintiffs to this class action lawsuit are John Thomas, Tracy Tripp, and Song Chee Tan. Defendants are Telix, "a biopharmaceutical company focused on the development and commercialization of therapeutic and diagnostic radiopharmaceuticals and associated medical technologies," and individual Defendants Christian Behrenbruch, Darren Smith, and Kyahn Williamson. [Filing No. 1 at 3.] On November 10, 2025, Plaintiffs filed their Complaint against Defendants alleging that, through the class period,[1] Defendants made materially false and/or

---

[1] The class period occurred between February 21, 2025, and August 28, 2025. [Filing No. 1 at 2.]

misleading statements, as well as failed to disclose material adverse facts concerning its business, operations, and prospects. [Filing No. 1 at 9.] Specifically, Plaintiffs allege the following:

> Defendants materially overstated the progress Telix had made with regard to prostate cancer therapeutic candidates; … Defendants materially overstated the quality of Telix's supply chain and partners; and … as a result, Defendants' statements about Telix's business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

[Filing No. 1 at 9.]

On July 22, 2025, Telix disclosed that it had received a subpoena from the U.S. Secutiries and Exchange Commission ("SEC") which sought "various documents and information primarily relating to the Company's disclosures *regarding the development of the Company's prostate cancer therapeutic candidates*." [Filing No. 1 at 9] (emphases in original). Plaintiffs allege that on this news, the price of Telix's American Depositary Shares ("ADS") fell. [Filing No. 1 at 10.] And then on August 28, 2026, Telix announced it had received a Complete Response Letter ("CRL") from the Food and Drug Administration ("FDA"), stating that the CRL "*identifies deficiencies relating to the Chemistry, Manufacturing, and Controls (CMC) package*," and that the FDA had "*requested additional data to establish comparability between the drug product used in the ZIRCON Phase 3 clinical trial and the scaled-up manufacturing process intended for commercial use*." [Filing No. 1 at 10] (emphases original). Again, Plaintiffs allege that on this news, the price of Telix's ADSs fell. [Filing No. 1 at 11.]

## II.     Motion for Appointment as Lead Plaintiff

On January 9, 2026, Plaintiff Tripp moved for appointment as lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of her selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Stoll Keenon Ogden PLLC as Liaison Counsel for the class. [Filing No. 9.] That same day, Plaintiff

Tan also moved for appointment as lead Plaintiff and for approval of his selection of The Rosen Law Firm, P.A., as Lead Counsel and Williams Law Group, LLC as Liaison Counsel for the class. [Filing No. 13.] About two weeks later, Plaintiffs Tripp and Tan filed a Stipulation and Proposed Order Appointing Co-Lead Plaintiffs and Approving Co-Lead Counsel, [Filing No. 18.] Movants decided it was in the Class's best interest to "join together as Co-Lead Plaintiffs and for their respective [counsel selections] . . . to serve as Co-Lead Counsel because, among other reasons, it [would] allow their counsel to pool their resources to immediately and efficiently commence prosecution of the action and avoid further delay . . ." [Filing No. 18 at 3.]

The PSLRA establishes a procedure to appoint a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The Act presumes that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice [required to be published for class actions covered by the Act];
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted if there is proof that the most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3) (B)(iii)(II)(aa), (bb).

The Court first considers whether Tripp and Tan satisfy the PSLRA criteria for appointment as Lead Plaintiffs. First, Plaintiffs Tripp and Tan have moved to serve as Lead Plaintiffs and thus are willing to serve as representative of the class and will testify during a deposition or at trial, if necessary. *See* [Filing No. 10-1 at 7; Filing No. 14-3 at 2.] Next, both Plaintiffs assert that, to the

best of their knowledge, they have the largest financial interest in this litigation. *See* [Filing No. 10-1] (Tripp claims to have lost $8,755 because of Defendants' alleged wrongful conduct); [Filing No. 14-4 at 2] (Tan claims to have lost $3,105.28 because of Defendants' alleged wrongful conduct); *see also Banes v. Modany*, No. 1:14-cv-1599, 2015 WL 1380250, 1–2 (S.D. Ind. Mar. 16, 2015) (granting the movant's request to be lead plaintiff because he had the largest financial interest and satisfied the other requirements for appointment). Last, Plaintiffs must "otherwise satisf[y] the requirements" of Rule 23, which provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

When appointing lead plaintiffs, "courts examine only typicality and adequacy from the list of 'prerequisites to a class action' set forth in Rule 23(a)." *Winn v. Symons Int'l Grp., Inc.*, No. IP 00-0310-C-B/S, 2001 WL 278113, at *5 (S.D. Ind. Mar. 21, 2001). The Court finds that Tripp and Tan satisfy these requirements.

First, a "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225 (7th Cir. 1983). Tripp and Tan's claims are typical of the Class, who alleges that Defendants issued false and misleading statements and failed to disclose materially adverse information about Telix's business. [Filing No. 1 at 5–9]; *see Mayo v. Apropos Tech., Inc.*, No. 01-C-8406, 2002 WL 193393, at *4 (N.D. Ill. Feb. 7, 2002) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims

of other class members and his or her claims are based on the same legal theory.") (citation modified).

Second, adequacy is shown where "(1) the class has sufficient interest in the outcome of the case, (2) the class members do not have interests that are antagonistic to others, and (3) class counsel is qualified, experienced, and able to conduct the litigation." *Winn*, 2001 WL 278113, at *5 (citation modified). Tripp and Tan have communicated with competent, experienced counsel concerning this case and both have moved to proceed as Lead Plaintiffs. Neither Tripp nor Tan are aware of any conflict between their claims and the claims asserted on behalf of the class. [Filing No. 10 at 7; Filing No. 14 at 7.] Further, both allege to have sustained financial loses and have demonstrated their motivation to pursue the claims in this action. For these reasons, the Court believes Tripp and Tan will fairly and adequately protect the interests of the Class.

Because they satisfy the typicality and adequacy requirements of Rule 23, Plaintiffs Tripp and Tan have created a rebuttable presumption that they should be appointed as Lead Plaintiffs. Notably, no class member has offered evidence that either Plaintiff will not fairly or adequately protect the Class's interests, or that either Plaintiff is subject to unique defenses that render them incapable of representing the Class.

Next, the Court assess Tripp's and Tan's selection of counsel. The PSLRA provides for selection of lead counsel along with appointment of lead plaintiff. Specifically, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Ordinarily, courts will not disturb a lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *In re Cendant*, 264 F.3d at 274. Here, Tripp and Tan have stipulated to GPM and Rosen Law serving as Co-Lead Counsel, as both firms are experienced in securities class action litigation. *See* [Filing No. 18

5

at 4; Filing No. 10-1 at 10–36; Filing No. 14-5.] Neither Plaintiff John Thomas nor any Defendant has challenged Tripp's and Tan's selected counsel. The Court finds no reason why these firms would not adequately represent the class and appoints them as Co-Lead Counsel.

In sum, Tan's and Tripp's respective Lead Plaintiff Motions, [Filing No. 9; Filing No. 13], are **GRANTED** and they are hereby appointed Co-Lead Plaintiffs in this Action and any subsequently filed or transferred actions that are consolidated with this Action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(ii). Additionally, Co-Lead Plaintiffs' selections of GPM and Rosen Law as Co-Lead Counsel are hereby approved. The Court expects that there will be no duplication of attorneys' services, and that the use of Co-Lead Counsel will not lead to an increase in attorneys' fees or expenses.

### III.    Motions Regarding Initial Schedule

Next, Defendant Telix and Plaintiff John Thomas have filed a Joint Motion Regarding Initial Schedule, [Filing No. 27.] In this Motion, the parties note they anticipate that Tripp and Tan, if approved as Co-Lead Plaintiffs, will file an amended complaint and Defendants will file a motion to dismiss in response. In the interest of efficiency and conservation of resources, Telix and Plaintiff Thomas request that Defendants' deadline to answer or otherwise plead be extended until the operative complaint is filed. The Individual Defendants thereafter filed a motion joining Telix and Thomas' extension request, [Filing No. 33.] These Motions, [Filing No. 27; Filing No. 33], are **GRANTED**.

**Within fourteen (14) days of the issuance of this Order**, Lead Counsel and counsel for Defendants shall meet and confer and submit a proposed schedule for the filing of a consolidated and/or amended complaint and for Defendants' anticipated motion(s) to dismiss.

6

Date: 2/24/2026

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution**:

Service on all ECF-registered counsel via email generated by the Court's ECF system.